MARCUS, Justice.
The Louisiana State Bar Association, through its Committee on Professional Responsibility, instituted disciplinary proceedings against Donald R. Johnson, a member of said association. The committee had previously conducted an investigation of respondent’s alleged misconduct in accordance with article 15, section 3 of the articles of incorporation of the association. Notice of one specification of misconduct was sent to respondent by certified mail dated December 22, 1987.
A formal investigative hearing was held on January 28, 1988, as provided by article 15, section 3(b) of the articles of incorporation. Respondent waived his right to be present at the hearing, but was represented by counsel. Based upon its investigation at the hearing, the committee, by unanimous vote, was of the opinion that respondent had been guilty of a violation of the laws of this state relating to professional conduct of lawyers and to the practice of law of sufficient gravity as to evi-" dence a lack of moral fitness for the practice of law; that, specifically, respondent was guilty of misconduct as described in Specification No. 1.
Specification No. 1 alleged:
That you did file a lawsuit to recover additional Workmen’s Compensation benefits from the State of Louisiana through the Division of Administration wherein you did allege that you were injured in a fall which occurred while you were working for the State of Louisiana, Division of Administration, on or about May 24, 1982. That said lawsuit was filed in the 19th Judicial District Court for the Parish of East Baton Rouge under number 292774. That your deposition in this matter was taken on October 23, 1985. That the lawsuit came to trial on the merits on February 21st and February 25th, 1986. That the Workmen’s Compensation claim and suit that you filed seeks to recover Workmen’s Compensation benefits against the State of Louisiana for the same injury that you had sustained while working for the United Parcel Service. That you have filed a lawsuit against the State of Louisiana attempting to recover twice in Workmen’s Compensation for one accident and injury. That you did make a claim against the State of Louisiana and filed the above detailed suit in an attempt to recover from the state for a claim based upon a fictitious accident and/or injuries. That during the course of said deposition and trial, you made false statements while under oath. That you have engaged in illegal conduct involving moral turpitude, conduct involving dishonesty, fraud, deceit, or misrepresentation, conduct that is prejudicial to the administration of just [sic], and conduct that adversely reflects on your fitness to practice law. All of the above in violation of Disciplinary Rules DR 1-102(A) of the Code of Professional Responsibility of *237 the Louisiana State Bar Association.[1]
On motion by the committee, we appointed a commissioner to take evidence and report to this court his findings of fact and conclusions of law. However, the committee and respondent filed a joint motion to waive their rights to the commissioner’s hearing and report and requested us to relieve the commissioner of his appointment. Following the procedure set forth in Louisiana State Bar Association v. Marinello, 514 So.2d 447 (La.1987), the parties agreed to submit the matter to this court on the record as developed at the committee hearing, and in the underlying court proceeding, along with certain joint stipulations of fact which were not in dispute.[2] Thereafter, the committee unanimously recommended a two year suspension as the appropriate discipline.
In 1982, shortly before respondent graduated from law school, he worked as a student employee for the Division of Administration of the State of Louisiana (state). He alleged that on May 24 or May 27,1982, he slipped and fell in a stairwell at the state capitol and injured his left buttock, head, back and arm. Respondent began receiving worker’s compensation for his injuries. Respondent resigned from this job on June 1, 1982, since he had graduated and was no longer eligible for student employment. He took the Louisiana bar exam and was admitted to practice in October, 1982. From 1982 to 1985, respondent was employed as an assistant district attorney; he then entered private practice.
In 1984, respondent was operated on for an injury to his right shoulder allegedly caused by the May, 1982 accident, and this operation was paid for by the state. By 1985, the state had paid respondent $11,-000.00 in compensation payments and $16,-057.80 in medical payments for the injuries he allegedly sustained in the 1982 accident. However, in July, 1985, the state apparently became suspicious of the validity of respondent’s claim and stopped paying worker’s compensation and medical expenses. In September 1985, respondent filed a suit against the state to recover additional benefits. The state reconvened to recover the amount of benefits it had already paid. At trial, during direct examination, respondent denied having sustained a previous injury to his shoulder. On cross-examination, he again denied having had problems with his shoulder or having made claims for injuries which occurred before this fall. The state then introduced evidence showing that respondent had been injured while working for United Parcel Service (UPS) in 1981 and that this injury resulted in a 35% permanent partial disability of his right shoulder. The evidence showed that respondent received a total of $17,767.00 in worker’s compensation from February 23, 1981 to March 20, 1983, $2,142.00 in medical expenses and $17,500.00 as a compromise settlement from UPS as a result of this accident. The state introduced further evidence showing that respondent failed to disclose the 1981 injury to any of the doctors treating him for the May, 1982 injury. The state introduced an application for employment made by respondent several *238 months after the alleged May, 1982 accident, in which he indicated he had not sustained any serious past injuries nor had he received worker’s compensation. In addition, respondent stated in his pre-trial deposition that he had not sustained a prior injury to his shoulder. When questioned about his failure to disclose the 1981 injury, respondent replied that he “didn’t remember it”
The trial judge held that respondent failed to prove that an accident happened or that he sustained injuries. The trial judge also commented on respondent’s testimony:
It’s embarrassing to the Court, especially when the plaintiff is an attorney, an officer of the Court, to sit and listen to testimony that is as flagrant as [respondent’s] testimony.
I was absolutely shocked that during cross-examination he would have the audacity to try to tell this Court he had forgotten about the severe injury some 15 or 16 months prior to the one he’s claiming. He couldn’t remember ever receiving several hundred dollars a week in compensation from UPS; he just didn’t think about the $17,500 settlement. Didn’t think about telling these new doctors about the prior injury, which happens to be the same injury. There was no reason given why he didn’t go back to Dr. Bolton. In the nine years I have been on the bench, I have never heard testimony as flagrant as [respondent’s] testimony.
The trial judge awarded the state $27,-057.80 on its reeonventional demand. Respondent (in proper person) took an appeal. The court of appeal affirmed the judgment of the trial court, noting that after a review of the record, it found respondent’s claim to be based on a “fictitious accident and injury” and that respondent was essentially “seeking to recover twice for one accident and injury.” Johnson v. State Through Division of Administration, 510 So.2d 87 (La.App. 1st Cir.1987). Pursuant to court order, respondent paid the state the full amount of its reeonventional demand.
Based on our review of the record, we are convinced that respondent attempted to make a double recovery for his shoulder injury. The evidence shows that respondent was questioned at length in deposition and at trial, yet at no time did he mention his employment with UPS, his earlier accident or the recovery he received. We have no doubt that his conduct involved dishonesty, deceit and misrepresentation. Furthermore, his conduct was prejudicial to the administration of justice and adversely reflected on his fitness to practice law. As a result, we agree with the committee that respondent has violated DR 1-102.
The purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations of the Code of Professional Responsibility. The discipline to be imposed will depend upon the seriousness of the offense involved and the facts and circumstances of each case. The court will take into account both aggravating and mitigating circumstances. Louisiana State Bar Association v. Starr, 515 So.2d 776 (La.1987); Louisiana State Bar Association v. Pugh, 508 So.2d 1350 (La.1987).
As mitigating factors, respondent argues that he was not acting in the capacity of an attorney, but in the role of a plaintiff represented by counsel. Even though respondent was not acting as an attorney, we find his conduct was inexcusable. The fact that he was not acting as an attorney does not lessen his duty to disclose important information at trial, since even non-lawyers are required to testify truthfully before a court. However, we agree that some mitigating factors are present. Respondent is a young, inexperienced attorney and has no prior disciplinary record. The committee agrees that he has shown a cooperative attitude toward his disciplinary proceedings. Pursuant to the trial court’s judgment, respondent has paid back all money he received from the state as a result of the 1982 accident.
*239 In sum, we find respondent’s misconduct is of sufficient gravity to warrant disciplinary action. Under the circumstances, we consider the two year suspension from the practice of law recommended by the committee to be an appropriate penalty.
DECREE
For the reasons assigned, it is ordered that Donald R. Johnson be suspended from the practice of law in the State of Louisiana for a period of two years. Respondent is to bear all costs of these proceedings.
DIXON, C.J., concurs , with reasons.
LEMMON, J., dissents and assigns reasons.

1. DR 1-102 Misconduct
(A) A lawyer shall not:
(1) Violate a Disciplinary Rule.
(2) Circumvent a Disciplinary Rule through actions of another.
(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his fitness to practice law.
The Code of Professional Responsibility was replaced by the Rules of Professional Conduct, effective January 1, 1987. The alleged violation in this case occurred before the effective date.

. Stipulation No. 15 reads: “That the failure to bring up the prior injury was conduct involving misrepresentation and as such does constitute misconduct." At oral argument before this court, respondent’s attorney claimed for the first time that by agreeing to this stipulation, the committee was foreclosed from arguing that respondent's conduct involved dishonesty, fraud or deceit. We find this argument lacks merit. In the joint motion filed by the parties, they agreed to make joint stipulations of undisputed facts, but further agreed that the stipulations "do not in any way limit the parties from arguing other factual matters to the court in this proceeding."